Curia, per
Colcock, J.
I thought it a point settled, that executors and administrators were entitled to commissions in cases like this.
The commissions are certainly not given for the mere act of receiving'and paying away money, hut as a compensation for ail the trouble and risk which are imposed by the duty of the office on executors and administrators; and when it is recollected how great they are, I think the act should receive a liberal construction as to all who discharge this laborious and unthankful office with fidelity. The executor has no right himself to convert the lands and negroes into money; but when this is done by a competent court, and for the benefit of those concerned, I can see no reason why they should not be entitled to commissions on all sums received and paid away, whether the amount be in bonds and notes, or in bank notes. The executor or administrator might sue for and recover such debts. The distributees may refuse to take the bonds; but if both parties consent to this arrangement for their mutual accommodation or convenience, the commissions are still a claim of strict right.
*In the case of Rutledge v. Williamson’s Ex., 1 Des. Rep. 160, it is not stated what bonds they were which the court ordered to be delivered up, and it is presumed they must have been bonds found among the testator’s papers. This case (under circumstances) cannot be considered as an authority in point. But the subsequent case of Deas v. Spann, Harper’s Eq. Rep. 176, seems to determine the point expressly; and it is stated in the report of that case, that it was decided by the unanimous opinion of the court; and it is further stated, that the opinion of the court was delivered by the learned chancellor from whose decree this appeal is made. Whether the report be correct or not, however, in these particulars, the case as presented to us does decide that commissions are allowable in such cases as the one now before us, and it meets the unanimous opinion of the court.
It is therefore ordered that the decree be reformed in this particular, and in all other respects be affirmed.

Decree modified.